IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DANIEL TAYLOR, JR.,

                Petitioner,           Civil No. 09-911-TC

             v.              FINDINGS AND
                                 RECOMMENDATION

DON MILLS,

                Respondent.

COFFIN, Magistrate Judge.

     Petitioner is in the custody of the Oregon Department of
Corrections pursuant to the Judgment, dated October 30, 2002,
from Jackson County Circuit Court Case No. 011127FE after a
conviction for Manslaughter in the First Degree.  Exhibit 101.
Following a guilty plea, the trial court sentenced petitioner
to 194 months of imprisonment.  Id.

     Petitioner did not directly appeal his conviction.
Petitioner filed a petition for post-conviction relief which
was dismissed in a Judgment entered March 4, 2005.  Exhibit

108.    The Oregon Court of Appeals dismissed petitioner's appeal *sua sponte* after it determined that the notice of appeal was not timely filed. Exhibit 111. Petitioner sought review by the Oregon Supreme Court, but it was denied. Exhibit 113. The appellate judgment issued on September 21, 2005. Exhibit 114.

Petitioner filed a petition under 28 U.S.C. § 2254 challenging his conviction and sentence on various grounds. Petition (#1). Respondent moves to deny relief on the ground that the petition was not timely filed. Response (#16).

Under 28 U.S.C. § 2244(d) a petitioner has one year from the date a direct appeal is final to file a federal habeas corpus petition. The one year period is tolled during the time a state collateral proceeding is pending. Time elapsed after finality and before collateral filing, and time after collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999). In other words the "AEDPA allows a petitioner just 365 days to complete the entire process of filing a fully exhausted habeas petition." Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002).

The judgment petitioner challenges in this case is dated October 30, 2002, and was entered into the register on that date. Exhibit 101. Even though petitioner did not directly appeal his conviction, pursuant to ORS 19.255(1) he had 30 days from the entry of the judgment to do so. Therefore, n

additional 30 days should  be added to the date of entry of
the trial court judgment into the case register.[1]

Thus petitioner had one year from November 29, 2002,
excluding any time during which a state post-conviction case,
or other collateral remedy, was pending, to file a federal
habeas corpus petition.

Petitioner signed a petition for post-conviction relief
on August 11, 2004 (Exhibit 105), but the court dismissed it
on March 4, 2005.  Exhibit 108.  Petitioner filed a notice of
appeal on May 5, 2005, Exhibit 110, but the Oregon Court of
Appeals dismissed it as untimely on June 10, 2005, Exhibit
111.  The appellate judgment issued on September 21, 2005.
Exhibit 114.

Petitioner filed a notice of appeal following the
dismissal of his petition for post-conviction relief outside
the limitations period prescribed in ORS 19.255(1)), which

_____

[1]In addition, following the Ninth Circuit's ruling in Bowen v.
Roe, 188 F.3d 1157 (1999), the statute of limitations does not
begin to run until petitioner's time to seek certiorari from the
United States Supreme Court has expired.  Therefore, in calculating
the limitations period, it is appropriate to add an additional 90
to the date of the appellate judgment.    In this case, however,
petitioner could not have sought *certiorari* in the U.S. Supreme
Court because he did not first petition Oregon's appellate courts.
See, 28 U.S.C. 1257(a) ("Final judgments or decrees rendered by *the
highest court of the State in which a decision could be had*, may be
reviewed by the Supreme Court by writ of certioari ....")   Thus,
petitioner in this case is not entitled to the extra 90 days that
habeas petitioners normally have to seek *certiorari* in the U.S.
Supreme Court when they have properly presented federal claims to
the state appellate courts. [In any event, the extra 90 days is
immaterial under the circumstances of this case].

required a notice of appeal to be filed within 30 days after the judgment is entered. Therefore, under Pace v. DiGugliemo, 544 U.S. 408 (2005) the post-conviction appeal was not properly filed and did not toll the federal limitations period.

Between November 29, 2002, the latest date on which petitioner could have directly appealed his conviction, and August 11, 2004, the date on which he signed the petition for post-conviction relief, 621 days accrued. Between April 4, 2005, the latest date on which petitioner could have properly filed a notice of appeal following dismissal of the petition for [post-conviction relief, and July 23, 2009, the date on which he signed the petition in this proceeding, 1,571 days accrued. In sum 2,192 days expired from the time of petitioner's final judgment of conviction and the time he filed the petition before the court.

Petitioner's Petition (#1) was not filed within the one year statute of limitations applicable to federal habeas corpus relief and should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this

recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 6 day of May, 2010.

_____
Thomas M. Coffin
United States Magistrate Judge